UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY SCOCOZZO,

    Plaintiff,

v.                                            Case No. 3:24-cv-1246-MMH-MCR

ATTORNEY GENERAL
OF FLORIDA,

    Defendant.
_____

## ORDER

    Plaintiff Anthony Scocozzo, a pretrial detainee at the Baker County Detention Center, initiated this action on December 2, 2024, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) with an attachment (Doc. 1-1). He names Ashley Moody, former Attorney General of Florida, as the sole Defendant. See Doc. 1 at 2. In the Complaint, Scocozzo challenges the constitutionality of section 784.0487(4)(a), Florida Statutes, which provides for the criminal punishment of any person who willfully violates an injunction or protection against stalking or cyberstalking. See Doc. 1-1 at 1. According to Scocozzo, the statute violates the First and Second Amendments by interfering with his right to travel and possess a firearm. See id. at 1–4.

Scocozzo further alleges that he was the subject of a temporary injunction against stalking. See id. at 1. As a result, he "was under the threat of punishment pursuant to 784.0485(9)(a), 784.0487, and 791.2901(2) if [he] violated any one of the enumerated conditions of 784.0487(4)(a)." Id. He asserts that the state judge subsequently "dismissed [the temporary injunction] without a hearing, leaving [him] unable to bring this challenge in state court." Id. As relief, he requests an injunction prohibiting the enforcement of the statute, a declaratory judgment declaring the statute unconstitutional, and an award of costs and fees. See Doc. 1 at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v.

---

[1] Scocozzo requests to proceed as a pauper. See Motion (Doc. 2).

2

Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v.

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Scocozzo's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And,

5

while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Scocozzo's Complaint is subject to dismissal pursuant to the Court's screening obligation. First, it is unclear whether Scocozzo has standing to obtain the declaratory and injunctive relief he seeks because he does not allege a future injury that is imminent or real and immediate. See 31 Foster Child. v. Bush, 329 F.3d 1255, 1265 (11th Cir. 2003); see also Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1245 (11th Cir. 2020) ("[W]hen plaintiffs seek prospective relief to prevent future injuries, they must prove that their threatened injuries are 'certainly impending.'"). Indeed, Scocozzo alleges neither that he is being prosecuted for a violation of the challenged statute, nor that he is currently the subject of a temporary injunction. Thus, the likelihood that he will be subjected in the future to the harm of which he complains is not

substantial but instead is speculative and remote. See Davis v. Carr, No. 1:22-CV-4646-SEG, 2023 WL 11920606, at *2 (N.D. Ga. Nov. 1, 2023)[3] (finding plaintiff lacked standing to seek declaratory or prospective relief as to the constitutionality of a state criminal statute because his concern about re-prosecution on previous charges or prosecution on new charges was hypothetical); Castaneira v. Perdue, No. 1:10-CV-3385-TWT, 2010 WL 5115193, at *3 (N.D. Ga. Dec. 9, 2010) (same). And even assuming Scocozzo has standing, he still fails to state a claim for relief. Scocozzo merely uses conclusory buzzwords, saying the statute's provisions are "not narrowly tailored" and "overly broad." However, such vague allegations, unsupported by specific facts, are insufficient to state a claim for relief.[4]

In addition, to the extent Scocozzo also challenges the statutory definition of stalking, see Doc. 1-1 at 5–7, it appears that the Complaint is an attempt to obtain a favorable ruling in his state court case. The State of Florida charged Scocozzo by third amended information with one count of written

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[4] Scocozzo's allegations in his Motion for Leave to Amend Complaint (Docs. 4, 4-1) suffer from the same deficiencies. Thus, leave to amend would be futile.

7

threats to kill, do bodily harm, or conduct a mass shooting or an act of terrorism; one count of aggravated stalking after an injunction for protection; one count of aggravated stalking with a credible threat; and one count of resisting an officer without violence. See State v. Scocozzo, No. 2022-CF-000069 (Fla. 8th Cir. Ct.).[5] Scocozzo is awaiting a trial on the charges. See id.

The Court declines to intervene in his pending state court case because such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference."); Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022) ("Younger established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court

---

[5] The Court takes judicial notice of Scocozzo's state court docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam) (finding the district court properly took judicial notice of petitioner's state court dockets).

8

conviction and/or sentence is not yet final."). "In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45). Here, Scocozzo has not provided any facts suggesting that any of these three exceptions to the abstention doctrine apply in his case.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/11
c: Anthony Scocozzo, #22000475